**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KOMRON KARIMOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-26-304-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## **ORDER**

Petitioner Komron Karimov is a noncitizen that entered the United States on January 31, 2023. Petitioner was issued a notice to appear charging him as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and was released from detention. Over three years later, Petitioner was arrested and detained by Immigration and Customs Enforcement pursuant to 8 U.S.C. § 1225(b)(2).

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241 contending that he is being held in violation of the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq., and that this detention without a hearing violates INA regulations and his due process rights. As relief, he seeks immediate release from custody. Respondents filed a response in opposition [Doc. No. 11] and Petitioner replied [Doc. No. 13].

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides for mandatory detention, or whether he must instead be detained pursuant to § 1226(a), which generally provides for a bond hearing. As

1

Respondents acknowledge, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner, that were apprehended within the United States after entering the country without admission or inspection. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[1] Consistent with these prior decisions, the Court finds that Petitioner is subject to detention under § 1226(a), not § 1225(b)(2).

As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (explaining that "the habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."). Because § 1226(a) governs Petitioner's detention, Petitioner is entitled to the custody procedures provided by that statute. The statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond. *See Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012) ("Pursuant to this provision, the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole."). An individualized custody redetermination hearing

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec*., 161 F.4th 1048 (7th Cir. 2025). The Court acknowledges contrary decisions in *Buenrostro-Mendez v. Bondi*, 166 F. 4th 494 (5th Cir. 2026) and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

would provide Petitioner with the process he is due under the statute. *See Camac-Huanca v. Noem*, No. 2:25-CV-01253 KWR-JFR, 2026 WL 357651, at *6 (D.N.M. Feb. 9, 2026); *Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *7 (W.D. Okla. Jan. 20, 2026) (concluding that Petitioner is entitled to a new bond hearing after his prior release on bond was cancelled and he was returned to custody).

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt, individualized bond hearing under 8 U.S.C. § 1226(a). Because the Court grants relief on statutory grounds, it declines to reach the remaining claims.

IT IS SO ORDERED this 8th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE